IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JOHN DOE**, | : |
| | : |
| **Plaintiff**, | : |
| | : |
| v. | : |
| | : **CIVIL ACTION NO.**_____ |
| **UNIVERSITY OF MASSACHUSETTS** | : |
| **AMHERST**, **LOUIS B. WARD**, *Assistant Dean of Students, sued in his individual and official capacities,* **PATRICIA CARDOSO-ERASE,** *Associate Dean of Students, sued in her individual and official capacities,* **DEBORA D. FERREIRA,** *Title IX Coordinator, sued in her individual and official capacities,* | : |
| | |
| **Defendants**. | |

**MEMORANDUM OF LAW IN SUPPORT OF
JOHN DOE'S UNOPPOSED MOTION FOR PERMISSION
TO PROCEED UNDER PSEUDONYM**

**I.     INTRODUCTION**

Plaintiff John Doe ("John") submits this Memorandum of Law in support of his contemporaneously filed Unopposed Motion for Permission to Proceed Under Pseudonym. John, who was a senior at the University of Massachusetts Amherst ("the University" or "UMass Amherst") during the 2016-2017 academic year, filed this lawsuit against UMass Amherst and three of its officials for their grievous mishandling of a false allegation of sexual misconduct. John now seeks permission to proceed anonymously in order to maintain and protect his privacy and reputational interests. John also seeks to protect the privacy interests of his accuser and, in this effort, requests permission to identify her as "Jane Roe" in all of his public filings, as well as the identities of any potential student witnesses.

The claims in John's Complaint, alleging violations of the due process clause of the U.S. Constitution and Title IX, arise from the University's conduct in the course of a confidential University disciplinary investigation and involve highly sensitive matters personal to the individual parties involved. Inclusion of John's name in the Complaint and court filings would result in the public association of his name with the University's mishandling of a false accusation of sexual misconduct, which would be widely available through electronic means, thereby defeating the very purpose of his suit and causing the severe reputational harm that the suit seeks to prevent. UMass Amherst does not oppose the Motion; the University and the individual Defendants are fully aware of John and Jane Roe's actual identities, and those of student witnesses, and, as more fully explained below, will not be prejudiced in any way by John's use of these pseudonyms for public filings in the case. Well-established precedent supports permitting John to proceed anonymously.

## II.     FACTUAL BACKGROUND

The facts underlying this lawsuit are set forth in detail in John's Complaint (filed contemporaneously with this Unopposed Motion), and will not be repeated here. To summarize briefly, John has completed all the course work and earned all the credits required for his undergraduate degree, and the University informed him last month that he graduated. Yet, Defendants are now seeking to schedule a disciplinary hearing – after John has permanently left campus and witnesses have dispersed – about an allegation of a sexual incident known to them for almost eleven months. (Compl. ¶ 1). But all of this comes too late. The University Code of Student Conduct (the "Code"), under which Defendants seek to charge John, does not apply because he is no longer a student at the University. By its plain terms (in a provision titled "Jurisdiction"), the Code only applies to "any student enrolled in or accepted for an academic course or program." Other sections of the Code also indicate that it applies to current enrollees

only, with the limited exception of students who have withdrawn from the University. It does not apply to graduates, like John. (*Id*. ¶¶ 2-3).

In any event, Defendants' failure to hold a timely hearing remains unexplained and is entirely Defendants' responsibility as they have long known of the accusation. (*Id*. ¶ 11). Defendants first learned of the allegation no later than November 2, 2016, when a female UMass Amherst undergraduate student, Jane Roe, reported an alleged sexual incident occurring on September 2, 2016. Despite the passage of more than 330 days following Jane Roe's report, Defendants failed to even attempt to convene a hearing. By delaying in this fashion, a fair hearing is no longer possible. (*Id*. ¶ 4).

Because the academic school year has ended, students who could have been potential witnesses on John's behalf at the hearing have left campus and are no longer available for a hearing. Witnesses who graduated will never return. John himself has moved to his first full-time job, in a new city and state, and will be substantially prejudiced in his career by having to prepare for and participate in a hearing while just starting his new job. Memories of witnesses have surely faded due to Defendants' arbitrary and capricious delay in scheduling a hearing, which has further prejudiced John. Defendants knew that John would be graduating and acted with deliberate indifference to his future and career prospects. (*Id*. ¶ 8). Yet, on June 16, 2017 – after the school year had ended, after John had permanently moved to another state for his first full-time job, and after witnesses had left campus, Defendants notified John that his case was being sent to a Conduct Hearing Board, notwithstanding the obvious prejudice to John. John did not receive this notice until June 24, 2017. (*Id*. ¶ 19). On October 6, 2017, the University sent John a notice of hearing to take place in 12 days – on October 18, alleging two violations of the

Code of Student Conduct, for an incident alleged to have taken place on September 2, 2016, more than a year ago. (*Id.* ¶ 20).

Students like John who have left the University for new jobs, particularly at distant places, have no ability to meaningfully participate in the process. And, although the University's procedures purport to give students the protection of an evidentiary hearing, that protection is illusory if the student does not have a practical ability to call witnesses. (*Id.* ¶ 28). Because they failed to convene a hearing with witnesses present on campus, Defendants already have deprived John of a fair hearing. (*Id.* ¶ 9).

Besides their unconscionable delay in holding a hearing, Defendants have deprived John of due process and violated Title IX in multiple other ways, including (a) mandating that the investigator assigned to John's case serve in the dual conflicting roles of investigator of Jane Roe's allegations and advocate for Jane Roe as the "victim," (b) impeding John's ability to prepare his defense and failing to obtain critical evidence and witness statements, (c) intimidating potential witnesses, (d) imposing punitive interim restrictions on John, (e) improperly disclosing John's confidential information, and (f) implementing procedures for investigations and hearings in sexual misconduct cases like John's that are intentionally permeated with gender bias. (*Id.* ¶¶ 33, 35-57, 70-84). As a result, John seeks temporary, preliminary, and permanent injunctive relief barring any further disciplinary proceedings, including a hearing, and compensatory damages. (*Id.* ¶ 93).

### III.  ARGUMENT

This Court should grant John's Motion in order to prevent the unnecessary disclosure of his identity, as well as that of Jane Roe, his accuser in the underlying disciplinary proceeding, and any student witnesses. Maintaining the confidentiality of John and Jane Roe's identity will

protect their privacy and reputational interests, guard against the imposition of additional injury to John, and will not disadvantage UMass Amherst.

### A.     General Principles Governing Pseudonymous Filings

Although Fed. R. Civ. P. 10(a) requires that a complaint name all parties, district courts in this Circuit and across the country have long permitted parties to use pseudonyms when necessary to protect privacy and reputational interests.  This Court has stated that, in order to excuse a party from the requirement of Fed. R. Civ. P. 10(a), the court "must assess 'whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *MacInnis v. Cigna Group Ins. Co. of America*, 379 F. Supp.2d 89, 90 (D. Mass. 2005), citing *Doe v. Bell Atl. Bus. Sys. Servs.*, 162 F.R.D. 418, 420 (D. Mass. 1995) ("Courts have allowed plaintiffs to proceed anonymously in cases involving social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of plaintiff's identity."); *Doe v. Brandeis Univ.*, No. 1-15-cv-11557-FDS (D. Mass June 17, 2015) (permitting use of pseudonym because student-plaintiff could be subjected to "social stigmatization" if his identity were disclosed in lawsuit against university which found him responsible for sexual assault); *see also Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) ("The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'") (citation omitted); *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997) ("litigants may have a strong interest in protecting their privacy"); *Doe v. Von Eschenbach*, 2007 WL 1848013 , at *1 (D.D.C. June 27, 2007) (noting that the use of pseudonyms "has been permitted where the issues are matters of a sensitive and highly personal nature" and observing that "the presumption of openness" must be balanced with the "plaintiff's privacy rights")

(citation omitted); *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 73 (D.R.I. 1992) (court refused to "strip plaintiff of the cloak of privacy which shields him from the stigmatization [of his status as a transsexual] he might otherwise endure").

This Court in *Doe v. Word of Life Fellowship, Inc.*, 2011 WL 2968912, at *1 (D. Mass. July 18, 2011), noted with approval the factors set forth by the United States District Court for the Eastern District of Pennsylvania in *Doe v. Provident Life, supra,* to determine whether or not to disclose a litigant's identity.  *See also Doe v. Standard Insurance Company*, 2015 WL 5778566 , at *3 (D. Me. Oct. 2, 2015) (using *Provident Light* factors in deciding to grant plaintiff's motion to proceed under a pseudonym).

The non-exhaustive list of factors in that case weighing in favor of anonymity includes the following:

> (1) the extent to which the identity of the litigant has been kept confidential;
>
> (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;
>
> (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity;
>
> (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identity[y];
>
> (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and
>
> (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Doe v. Provident Life*, 176 F.R.D. at 467-68.

Conversely, among the factors which militate against the use of a pseudonym are the following:

> (7) the universal level of public interest in access to the identities of litigants;
>
> (8) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identit[y], beyond the public's interest which is normally obtained; and
>
> (9) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id*. at 468.

### B. The Factors Used by the Courts to Determine Whether to Permit Filing Anonymously Heavily Weigh in John's Favor

The factors used by district courts to determine whether to permit filling under a fictitious name heavily weigh in John's favor. John has a substantial privacy right which outweighs the public's interest in access to identities of litigants and the customary presumption of openness in judicial proceedings. Because this case seeks relief from the University's mishandling of sexual misconduct proceedings against John, John has a reasonable fear that he will suffer personal and social repercussions and reputational harm if he is denied the opportunity to pursue this action without a pseudonym. Although the public has a legitimate interest in the legal issues John raises in his Complaint – including issues of fairness, the right of male students accused of sexual misconduct to a process that is free of bias and gender discrimination, and the due process rights owed by colleges and universities to accused students in sexual misconduct disciplinary proceedings – John's actual identity is of minimal importance to the public. The injury to John's reputation and the grievous personal harm that he seeks to avoid through this action would occur if he is forced to disclose his identity. John is not a public figure, and having his identity publicly disclosed would serve as a deterrent in asserting his rights in this action, and would have

7

a chilling effect on others who are similarly situated. John has maintained the confidentiality of his identity and has revealed information about the student disciplinary proceedings to which he was subjected only to a small inner circle of persons with a need to know.

This Court has consistently permitted plaintiff-students like John to proceed under a pseudonym in lawsuits against their colleges and universities for alleged mishandling of sexual misconduct disciplinary proceedings. *See*, *e.g.*, *Doe v. Williams College*, No. 3:16-cv-30184 (D. Mass. Nov. 29, 2016); *Doe v. Western New England Univ.*, No. 3:15-cv-30192 (D. Mass. Feb. 2, 2016); *Doe v. Clark Univ.*, No. 4:15-cv-40113 (D. Mass. Feb. 3, 2016); *Doe v. Amherst College*, No. 3:15-cv-30097 (D. Mass. June 30, 2015); *Doe v. Amherst College*, No. 3:14-cv-30114 (D. Mass. July 15, 2014); *Doe v. Williams College*, No. 1:13-cv-11740 (D. Mass. Sept. 5, 2013).

John addresses each factor below.

**First,** John has a substantial privacy right which outweighs the public's interest in access to identities of litigants and the customary presumption of openness in judicial proceedings. Courts across the country have held that cases dealing with alleged student sexual misconduct involve matters of a "sensitive and highly personal nature" that satisfy the "substantial privacy" factor, and a significant number of colleges and universities have recognized this right by not opposing plaintiffs' motions to proceed anonymously. *See, e.g.,* 14 cases cited in footnote 2, *infra*.

**Second**, although there is a significant public interest in the *legal issues* raised in John's Complaint – and in similar complaints brought by an increasing number of accused students who have been forced (like John) to assert their rights in the courts against their schools for wrongful student disciplinary actions – the public has little interest in knowing, and no compelling need to know, the actual identities of the student-litigants. There is an "atypically weak public interest in

knowing the litigants' identities" due to the "purely legal nature of the issues presented." *Doe v. Del Rio*, 241 F.R.D. 154, 157 (S.D.N.Y. 2006). Moreover, protecting John's identity" will not impede the public's ability to follow the proceedings." *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001); *accord Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) ("Party anonymity [will] not obstruct the public's view of the issues joined or the court's performance in resolving them."). John only seeks to protect his identity and the identity of his accuser. All filings submitted to the Court will be a matter of public record, and will be available for public review.

**Third**, if John is forced to disclose his identity in this action, the very "injury litigated against would occur as a result of the disclosure of plaintiff's identity." *Doe v. Bell Atl.*, 162 F.R.D. at 420; *Doe v. Rostker*, 89 F.R.D. 158, 161-62 (N.D. Cal. 1981) (observing that a plaintiff may proceed pseudonymously if disclosure of his or her name would "indelibly connect" the plaintiff to a "stigmatizing characteristic[ ]" that "would vitiate the interest [the plaintiff] seek[s] to protect."). If John's identity becomes a matter of public record, the negative publicity it would bring to John would entirely defeat the purpose of the suit, which is to avoid the harm to his reputation and educational and employment prospects from the University's biased and irreparably tainted investigation and disciplinary process.[1] If he is forced to prosecute the case in his own name, such disclosure would serve only to augment such harm and render useless the suit's primary aim.

---

[1] "In the context of academic discipline, the possibility that a disciplinary violation will interfere with later opportunities for higher education and employment is so clear as to almost be a truism. To be sure, plaintiff's disciplinary records are considered confidential under the Family Educational Rights and Privacy Act 20 U.S.C. § 1232g, but this information can be shared with plaintiff's authorization. Thus, if plaintiff seeks education or employment with institutions or organizations that require disclosure of such records, plaintiff's only options are to forgo opportunities with those institutions or organizations or to authorize the dissemination of records that would likely foreclose plaintiff's ability to pursue such opportunities because of the allegedly defamatory nature of the records." *George Mason U.*, 149 F. Supp. 3d at 614, n.9 (internal citations and quotations marks omitted).

**Fourth**, there is significant public interest in maintaining the confidentiality of John and Jane Roe's identities. Courts have found the public interest is served in protecting the identities of parties when the issues involved are matters of a private, highly sensitive nature, and forcing the plaintiff to reveal his or her identity would deter the plaintiff or similar litigants from asserting their rights. Courts have determined that there is a substantial public interest in ensuring that cases involving important issues like those in John's case are adjudicated "without the risk of stigmatization." *See Doe v. Swarthmore Coll.,* No. 2:14-cv-00532-SD (E.D. Pa. Jan. 29, 2014) (granting motion to proceed under pseudonym finding the plaintiff's application of the *Provident Life* factors to his case "compelling"); *D.M. v. County of Berks*, 929 F. Supp.2d 390, 402 (E.D. Pa. 2013) (finding that "disallowing anonymity would likely deter those who have been falsely accused of sexual abuse from vindicating their rights"); *Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (allowing plaintiff to proceed using a fictitious name where disclosure of plaintiff's bipolar disorder would risk stigmatization in his community and career); *Doe v. Evans*, 202 F.R.D. at 176 (finding public has interest in protecting sexual assault litigants so that other victims will sue to vindicate their rights); *Roe v. Borup*, 500 F. Supp. 127, 130 (E.D. Wis. 1980) (allowing use of fictitious name in case alleging false allegations of child sexual abuse); *Doe v. Std. Ins. Co.*, 2015 WL 5778566, at *3 ("To deny Plaintiff's request ... might not only prevent Plaintiff from proceeding on her claim, but might also discourage others who suffer from a serious mental health condition from asserting their claims for mental health benefits to which they are entitled….").

John initiated this action to avoid the severe personal, reputational, educational, and economic harm he will suffer if the University's disciplinary proceedings are not halted. If John's only avenue of recourse is public disclosure of his identity, he will sustain further

humiliation, reputational harm, and public disgrace.  Accordingly, this factor weighs in favor of allowing John to proceed anonymously.

**Fifth**, John has taken scrupulous steps to keep his identity confidential.  John has not disclosed his involvement in this matter beyond immediate family and attorneys retained to offer counsel.  Further, as alleged in the Complaint, UMass Amherst instructs parties involved in sexual misconduct proceedings that "[a]ll members of the community are expected to … maintain appropriate privacy for investigations," and provides that "[a]ll proceedings under the [Code] shall be confidential."  (Compl. ¶ 71).  UMass Amherst also is prohibited pursuant to federal law from disclosing John's identity and records related to his disciplinary proceedings to third parties without John's consent.  *See* Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g (protecting the privacy interests of student education records). This factor weighs in John's favor.

**Sixth**, John has no illegitimate or ulterior motive in seeking relief from the University's conduct and intends to keep Jane Roe's identity confidential as well.

**The factors militating against the use of a pseudonym** are correspondingly weak.  John is not a public figure, and as noted, although there are may be a significant public interest in the *subject matter* of John's case, there is not a strong interest in knowing John's identity.  The only factor which arguably militates against allowing John to proceed under a pseudonym is the general public interest in access to the identities of litigants.  However, this public interest is present in all civil actions and does not outweigh the factors in support of anonymity if they are found (as here) to "tip in favor of plaintiff's use of a pseudonym." *Doe v. Provident Life*, 176 F.R.D. at 469.

**Finally**, UMass Amherst will not be unfairly disadvantaged in defending this case if John proceeds anonymously.  Numerous federal courts have allowed student plaintiffs, like John, to proceed under a pseudonym in cases against their colleges and universities for alleged mishandling of sexual misconduct proceedings, and a substantial number of colleges and universities have not opposed such motions.[2]  Further, unlike other cases where prejudice to the defendant was a concern because the defendant did not know the plaintiff's identity, UMass Amherst knows John's actual identity and will be entitled to the same full discovery just as if John was litigating under his own name.  *See, e.g., Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001) ("The only justification the defendants offer for stripping Roe

---

[2]     *See, e.g.*, *Doe v. Alger*, 317 F.R.D. 37, 38-42 (W.D. Va. 2016) (holding plaintiff's "privacy interest outweighs the presumption of the openness of judicial proceedings"); *Doe v. Columbia Univ.*, 101 F. Supp. 3d 356, 360 n.1 (S.D.N.Y. 2015) ("Columbia consented to Plaintiff's request to proceed pseudonymously in light of the sensitive subject matter and the age of the students involved."); *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) (upholding the magistrate's order granting motion to proceed under pseudonym in a case where plaintiff, a college male, was found responsible for sexually assaulting a female classmate); *Doe v. Univ. of Notre Dame*, 3:17-cv-00298 (N.D. Ind. May 8, 2017) (granting unopposed pseudonym motion after balancing factors and finding plaintiff has privacy interest "so substantial as to outweigh the customary … presumption of openness in judicial proceedings"); *Doe v. Trs. of Univ. of Pennsylvania*, 2:16-cv-05088-JP (E.D. Pa. Sept. 26, 2016) ECF Doc. No. 12 (granting motion for pseudonym, noting the plaintiff "has a legitimate fear or significant harm should the preliminary finding of his responsibility for a sexual assault be made public"); *Doe v. Colgate Univ.*, 2016 U.S. Dist. LEXIS 48787, at *11 (N.D.N.Y. Apr. 12, 2016) (finding balancing of all factors weighs in favor of permitting plaintiff to proceed under pseudonym); *Doe v. Washington & Lee Univ.*, 2015 U.S. Dist. LEXIS 102426 (W.D. Va. Aug. 5, 2015) (allowing plaintiff to proceed under pseudonym, with no indication on docket of opposition); *Doe v. Brandeis Univ.*, No. 1:15-cv-11557-FDS (D. Mass. June 17, 2015) ECF Doc. No. 16-1 (granting motion to proceed under pseudonym, noting that "[t]he current record suggests that plaintiff could be subject to 'social stigmatization' . . . if his name is revealed"); *Doe v. Univ. of S. Fla. Bd. of Trs.*, No. 8:15-cv-682-T-30EAJ (M.D. Fla. May 29, 2015) (allowing plaintiff to proceed anonymously); *Doe v. Reed Institute*, No. 3:15-cv-617 (D. Or. Apr. 14, 2015) ECF Doc. No. 9 (granting plaintiff's unopposed motion to proceed under pseudonym); *Doe v. Swarthmore College*, No. 2:14-cv-00532-SD (E.D. Pa. Jan. 29, 2014), ECF. Doc. No. 3 (granting motion to proceed under pseudonym finding the plaintiff's application of the *Provident Life* factors to his case "compelling"); *Doe v. Washington & Lee Univ.*, No. 6:14-cv-00052-NKM-RSB (W.D. Va. Dec. 12, 2014) ECF Doc. No. 13 (noting an oral order granting plaintiff's motion to proceed under pseudonym); *Doe v. Univ. of Colo., Boulder*, No. 1:14-cv-03027-RM-MEH (D. Colo. Nov. 7, 2014) (proceeding pseudonymously throughout the case); *Doe v. George Washington Univ.*, No. 1:11-cv-00696-RLW (D.D.C. Apr. 8, 2011), ECF Doc. No. 2 (order granting accused student plaintiff's motion to proceed under pseudonym).

of her privacy is the argument that they will not be able to adequately conduct discovery without knowing her true identity. However, that argument is eviscerated by Roe's offer to disclose her name to the defendants for discovery purposes on condition that they do not disclose it to the general public."); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) ("The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice.").

### III. CONCLUSION

For the foregoing reasons, Plaintiff John Doe respectfully requests that the Court grant his Unopposed Motion for Permission to Proceed Under Pseudonym.

Respectfully submitted,

/s/ Michael R. Schneider
Michael R. Schneider, Esq.
(Mass. Bar No. 446475)
Good Schneider Cormier & Fried
83 Atlantic Avenue
Boston, MA 02110-3711
Tel:  (617) 523-5933
Email: ms@gscfboston.com


Patricia M. Hamill, Esq. (Pa. I.D. No. 48416)
Lorie K. Dakessian, Esq. (Pa. I.D. No. 86102)
*Pro Hac Vice Motions Pending*
Conrad O'Brien PC
1500 Market Street
Centre Square – West Tower, Suite 3900
Philadelphia, PA 19102-1921
Tel: (215) 864-9600
Email: phamill@conradobrien.com
          ldakessian@conradobrien.com

Dated:  October 11, 2017            *Attorneys for Plaintiff John Doe*

**CERTIFICATE OF SERVICE**

       I hereby certify under the penalties of perjury that the foregoing Plaintiff's Motion for Permission to Proceed Under Pseudonym, together with Memorandum in Support and proposed Order, filed through the EFC system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 11, 2017, and that I have caused a true and correct copy of the foregoing to be served on October 11, 2017 by electronic mail and overnight delivery to the following:

> Deirdre Heatwole, Esq.
> General Counsel
> Office of the General Counsel
> University of Massachusetts
> One Beacon Street, 31st Floor
> Boston, MA 02108
> dheatwole@umass.edu
>
> Brian W. Burke, Esq.
> Senior Counsel
> Office of the General Counsel
> University of Massachusetts Amherst
> 309 Whitmore Administration Building
> Amherst, MA  01003-9313
> bwburke@umass.edu
>
> *Attorneys for Defendant*
> *University of Massachusetts Amherst*
>
> Louis B. Ward
> Assistant Dean of Students
> Dean of Students Office
> University of Massachusetts Amherst
> 227 Whitmore Administration Building
> 181 Presidents Drive
> Amherst, MA  01003-9313
> lward@umass.edu
>
> Patricia Cardoso-Erase
> Associate Dean of Students
> Dean of Students Office
> University of Massachusetts Amherst
> 227 Whitmore Administration Building
> 181 Presidents Drive
> Amherst, MA  01003-9313
> pcardoso@umass.edu

Débora D. Ferreira
Title IX Coordinator
Office of Equal Opportunity and Diversity
University of Massachusetts Amherst
243 Lederle GRC Lowrise
Amherst, MA  01003-9306
eod@admin.umass.edu

/s/ Michael R. Schneider
Michael R. Schneider, Esq.
(Mass. Bar No. 446475)
Good Schneider Cormier & Fried
83 Atlantic Avenue
Boston, MA 02110-3711
Tel:  (617) 523-5933
Email: ms@gscfboston.com