UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br>Plaintiff<br><br>v.<br><br>UNIVERSITY OF MASSACHUSETTS AMHERST,<br>LOUIS B. WARD, Assistant Dean of Students, sued in his individual and official capacities,<br>PATRICIA CARDOSO-ERASE, Associate Dean of Students, sued in her Individual and official capacities,<br>DEBORAH D. FERREIRA, Title IX Coordinator, sued in her Individual and official capacities,<br>Defendants | CIVIL ACTION NO.<br>3:17-cv-30145 |

## UNIVERSITY DEFENDANTS' SUPPLEMENTAL MEMORANDUM

Defendants University of Massachusetts Amherst, Louis B. Ward, Patricia Cardoso-Erase, and Deborah D. Ferreira ("University Defendants") submit this supplemental memorandum in accord with Docket No. 66.

The University defendants take issue with the manner in which plaintiff's supplemental memorandum appears to characterize the legal import of the First Circuit's recent decision in Doe v. Trustees of Boston College, 2018 WL 2752608 (1st Cir., June 8, 2018) and with plaintiff's decision to use his supplemental memorandum to reargue matters already submitted to the court. The University defendants find no analytical utility in plaintiff's apparent suggestion that Boston College's holding modifies the standard under which courts in this circuit assess plaintiff's two claims on

1

either Rule 12(b)(1) grounds or Rule 12(b)(6) grounds.  And the University defendants object to plaintiff's continued incantation of his unsupported argument that the length of time this disciplinary matter has been pending is wholly attributable to the University defendants' actions (see, e.g., Dkt. 49 at 14-15), rather than – as the record facts before this court support (see, e.g., Dkt. 49, Ex. 1-A) – to the repeated and lengthy delays plaintiff himself has engendered from the outset of the University's investigation.

      The University defendants stand on the Rule 12(b)(1) arguments for dismissal that they have briefed and argued.  However, the University defendants recognize that analysis of the pending Rule 12(b)(6) motion to dismiss with respect to plaintiff's Title IX claim[1] warrants consideration of the First Circuit's articulation that it will continue to refer to the Second Circuit's Yusuf framework (see Boston College at *14), the standard upon which the pending motions were argued.  See, e.g., Doe v. University of Massachusetts Amherst, 2015 WL 4306521 *8-9 (D. Mass, July 14, 2015) (unreported) (insufficient alleged facts that plaintiff was treated differently because of his sex).  As

---

[1] The Boston College decision does not appear to modify the analytical framework upon which the viability of plaintiff's due process/equal protection claim is reviewed on a Rule 12(b)(6) motion.

such, the University defendants have no opposition to the submission of this decision to the Court for its consideration.

Dated:    June 29, 2018                 UNIVERSITY DEFENDANTS
                                        By their attorney,

                                        /s/ Denise Barton
                                        Denise Barton, BBO# 675245
                                        Senior Litigation Counsel
                                        University of Massachusetts
                                        Office of the General Counsel
                                        333 South Street, 4th Floor
                                        Shrewsbury, MA 01545
                                        (774) 455-7300
                                        dbarton@umassp.edu

## CERTIFICATE OF SERVICE

I, Denise Barton, certify that on June 29, 2018, I have served a copy of the above document on plaintiff's counsel, Michael R. Schneider, Esq., Good Schneider Cormier & Fried, 83 Atlantic Avenue, Boston, MA 02110-3711 and Patricia M. Hamill, Esq., Lorie K. Dakessian, Esq., Conrad O'Brien PC, 1500 Market Street, Centre Square – West Tower, Suite 3900, Philadelphia, PA 19102-1921 via CM/ECF.

                                        /s/ Denise Barton
                                        Denise Barton